Good morning, Your Honor. May it please the Court, Derejit Dembese for Wayne Vergas-De-Jesus. The petitioner in this case is entitled to relief because he received ineffective assistance of counsel. This Court had previously addressed this case on direct appeal. In that decision, the Court reversed the convictions for the substantive offenses and remanded the case. It left the conspiracy charge to stand, stating that the majority conduct, although constituted most of the, all of the substantive offenses, there was evidence that spanned around four months following the age of majority that showed ratification by the defendant and therefore the conspiracy charge was allowed to stand. As a threshold matter, you raised a couple of issues, but the District Court only certified one issue to us. Is that not the only issue that we have before us today? Yes, I would say the second argument, I wouldn't characterize as an issue. The second argument, I would say, subsumed in the first argument. It is presented to show that had the defense lawyer objected, even if the Court rejected the request to exclude the drug quantity applicable to the majority conduct entirely, there still could be the argument that he could have made, she could have made. The basic issue before us is whether the drug quantity from the time when he was a minor can be used as part of the sentencing aspect. Is that not the? Whether it can be used to calculate the sentence and also to what extent it could be used. So the argument that even if it was not the law, I would submit is not conclusively clear. Even if the judge decided to reject the argument that none of it can be considered, it could have been a mitigating factor as well. If there was an objection, that's my argument. Again, the certification issue is not clear, but I think if that objection was raised, the normal course would be to ask the Court not to consider all of it. But if the Court does consider, reject that argument, then the mitigation would be the natural second step to that flows from the objection. Just in order to be clear, as I understand it, from reading the record, the dependents counsel raised the age issue many times during the sentencing. He's a young man, and so on and so forth. And so really what you're asking us to consider, because that's not part of what the District Court certified, what you're really the question of whether you can use the evidence of the drug sold when he was a minor for the purposes of calculating the sentence. My understanding is that the courts which have considered this have in fact done that. So the argument regarding age was not raised in this case. The argument in regards to age was that this is an individual who was raised, but it was in the context of he had a bad upbringing and he was young. Not that Congress specifically tried to address this issue in regards to the use of pre-majority conduct. There was no certification by the Attorney General that this case presents a national interest. That's the threshold case we have, but we have a sentencing issue here. That's the only issue before us. I understand. It is a sentencing issue, but again, this case is very unique in a sense that you have these three factors that I would argue make this case a unique case, and in fact that would show the conduct of the defense lawyer fell below the reasonable standard in light of the prevailing laws. Putting that aside for a second, just on the issue of how is the sentence erroneous? Okay. So the sense would be, I'm not arguing the sentence is erroneous. What I'm arguing is the sentence, a different outcome or a lesser sentence would have been possible if the raised by way of an objection showing these three arguments that I'm about to make, which is one, that there is a federal statute specifically limiting jurisdiction over pre-majority conduct absent a certification and showing of a national interest, which was not the case here. All of the before the age of 18, there was a very short duration post the 18 years of age, four months period, as pointed out in the decision of this court in the direct appeal, which gave rise to the, which gave support for the conviction of the conspiracy charge. So you have a defendant being punished for entirely pre-majority conduct, a very short period of post-majority activity, four months, where he was, the evidence was he was at a meeting once and he was seen by the police at a location and nothing in regards to the defendant committing any substantive offenses or overt acts in conjunction with the conspiracy. So these are arguments you would expect a reasonable ordinary attorney to make and at sentencing, these are objections you would expect to be made. Here's what I, this on this, this is the COA, if I'm reading it right, whether counsel was consciously ineffective for failing to challenge the drug quantity attributed to petitioner at my argument. So doesn't that, that to me sounds like we assume there was no problem until sentencing. Well, as opposed to what used to be focused on, which is in a threshold objection as to whether they could have held him liable for any criminal conduct at all. I thought the sentencing issue arises because even though he was in a conspiracy in which there was a small amount of post-majority conduct, at sentencing a large amount of pre-majority conduct was attributed to him. That's correct. Okay, for an ineffective assistance counsel argument to succeed about a failure at sentencing to raise an objection to the pre-majority conduct being counted, you have to show that in fact the law prohibits the pre-majority conduct from being counted. So is there such an argument? I made that argument in my brief. It shouldn't be counted. The law is not clear on that. This court has not decided on that issue. Judge Stoll, author of the opinion and Rodriguez where the court said the court has not reached that issue and squarely. However, the court did say you can consider pre-majority conduct to convict on a conspiracy charge so long as there's ratification. However, a situation where, and I made the argument that the lawyer should have objected to the whole drug quantity being applicable because it should not have been, it should have been excluded under the FJDA without a certification. That is not set in law in this circuit. However, don't you have to show that there is actually a legal prohibition against using it in order for the ineffective assistance counsel argument to succeed? No. How would you show prejudice? What would be the prejudice from him not raising it if there's no legal obligation to exclude that pre-majority conduct? Okay, I would argue that the, although the law is not settled, there is some support to, there is some support to the argument that because Congress did not intend to punish a juvenile or for juvenile conduct absent certification and because there was no certification in this case and this case presents a situation where the individual is entirely being punished for juvenile conduct that the court should not have considered. The statute itself provides that, although this court has not issued an opinion along that line. Thank you. Thank you. May it please the court, Susan Jorgensen on behalf of the United States. Your honors, in order to demonstrate ineffective assistance of counsel, it must be shown that defense counsel's performance fell below a reasonably, an objectively reasonable standard under prevailing professional norms and that actual prejudice resulted. I think that you or appeals counsel has stated this was, this is a very novel approach. I don't see how you can argue that therefore that defense counsel, defense counsel's performance fell below reasonably objective standard under prevailing professional norms. There was no case law to indicate that she should raise the argument that these drug quantities did not count. In addition, in Vargas 1, this circuit held that he had ratified the conspiracy and that in addition, the decision states that there was testimony that Vargas attended a meeting between rival drug gangs after he turned 18 where he said that he was the leader of that drug point and he said that he was the owner of the cocaine for his group. So this was an ongoing criminal conspiracy that continued after his 18th birthday. Now I realize that there... But isn't it true that the majority of the drugs that there was evidence about was sales that he made when he was a minor, which we of course said in the previous case should not have been used? Yes, your honor. From what I understand, that was a jurisdictional issue and there was not, there was not the certification. However, there is evidence in the record that he continued the conspiracy after he was 18 and although... No evidence of sales as I understand. There's no evidence of sales. However, he did meet with rival drug members and he... There's evidence that the conspiracy is continuing, but isn't the only issue before us simply the question, can, in devising a sentence, was it ineffective not to protest the use of the prior sales in fashioning the sentence, the ultimate sentence? Yes, your honor. What I would argue is that first of all, that is a new and novel legal argument and it would have been difficult for the defense attorney to be clairvoyant and anticipate that that might even be entertained. Secondly, so I would argue that her standard did not fall below prevailing professional norms. The second thing I would say is that if you look at the sentencing hearing... Why is that? So all, you're representing somebody who's just reached the age of majority, only briefly. A key issue is whether the conspiracy they're charged with is a conspiracy for a certain quantity. Right. All the evidence that would bear on the quantity comes from when they were not age of majority and that would be clairvoyance to figure out that you might want to contest whether the... Well, it is a new and novel legal issue and what I was going to go to is that... But not settled in this circuit. I'm sorry? But not settled in this circuit. Correct. What I was going to go to is that if you look into the sentencing hearing transcript, you'll see that the prosecutor in question was talking about additional evidence that there was in the record that he continued to sell the drugs and indeed in Vergas 1, there was evidence that he had boasted of being the cocaine owner. Now, I don't know what the day-to-day volume is of a large drug trafficking organization such as this, but I would say that it has to be a viable economic organization. This individual, he stated that he owned these quantities and four months is a significant period of time. There were 19 individuals involved in this drug trafficking organization that were indicted. This was not a small-scale organization where he was just selling a bag of marijuana on the street corner. He was an owner of a drug point. So I don't think that it would have been effective for her to argue that and if she did bring it up, there was indication in the sentencing hearing transcript from the prosecutor that there was additional evidence and testimony from officers that he would have brought in and I believe that had she brought it up, he would have then asked to present these witnesses at the sentencing hearing and it may have even resulted that there was a greater amount on his record that they would have taken into account. So I think it's hard to get to the actual prejudice and it's hard to get to the argument that she was not effective counsel. It's a very stringent standard to get to that. The assumption is that she made reasonable professional judgments in all significant decisions. Well, you can go back and take a look at the fact that we found, this court found, that the failure to object to trial that he's a minor, that says something about trial counsel's confidence and then subsequently in the sentencing, again, he doesn't raise the question of drug quantity that arose during the minority. Doesn't that lead to an air of incompetence? Well, she did vigorously argue regarding his age. He did argue age, it's true, but he didn't argue that because of age that that evidence should not be considered by the court in setting the sentence. And weight, as we all know, is very important in arriving at these sentences. That is true, but then again, I think you would go back to the issue of whether or not there would be actual prejudice. And as I said, in the sentencing hearing transcript, if you look through it, the prosecutor's talking about additional evidence that they didn't put in that they could have put in. And I think that you get, it's difficult to reach actual prejudice because of that. Had the issue been accepted by the judge and the judge was to hear additional testimony on that, I think that our office would have gone ahead and submitted that evidence and put officers on the stand. Certainly there was evidence, as I stated, that he bragged to this other informant that he owned the drugs, and this was after he turned 18. It is a high volume organization. I think really the result would have been that they would have found more than 50 grams. I think it's just very difficult to get to the actual prejudice prong in this case. Can you tell me about the posture of the case? So we granted a certificate of appeals on appealability on whether counsel was consciously ineffective for failing to challenge the drug quantity at sentencing. Yes. That issue was not passed down below or was passed down below? It was passed down below. Did the district court ever address any of that? No. What the district court did is when it was sent back to the district court, perhaps I'm misunderstanding your question, but when it was sent back to the district court what she did is that she dropped the sentencing for the two counts which were dismissed in the appeals case and then she left the sentence intact for the count which remained. Then we say we take the certificate of appealability on this issue. Right. And our general practice is we just don't decide effective assistance counsel's issues at all on direct, right? Correct. It was not raised. It was not raised. But you think we shouldn't just dispose of it on the merits anyway? Yes. I think, well, presumably you could send it back down. I think it was ratified. Four months is a significant period of time. There has to be a cutoff somewhere in the law. You know, age of consent for certain things varies in different states. Where culpability starts varies in different states. Right now the law says 18 and he continued to ratify his behavior. So I think if you sent it back down, I think quite frankly the result might be that the finding of drug quantities is greater. And as I said, you know, we would rest on the brief and in addition on the case he continued his behavior and he stated that he was a drug owner and he ratified his conduct. Just confused about one thing. Is it your position that it was permissible or impermissible for the district judge to base the sentence on the conspiracy charge based upon drug transactions that occurred before the defendant turned 18? My position would be that it is permissible because he continued to ratify the behavior. He continued to tout himself as a major drug point owner. He continued to, local PRPD continued to see him dealing on the streets or dealing with his people that dealt for him on the streets. These type of organizations operate on a continuing basis. That's a different argument that there were other drug sales after 18 that are sufficient to justify the sentence is different than my question is he ratified it that's established by the circuit, the court's prior opinion. Is it then permissible for the district judge to base the sentence on drug transactions that occurred before 18 or not? I would argue that it is because he continued to um is supposedly is supposed to have an ability to know right from wrong or be old enough to be able to understand the consequences of his action and he continued to engage in this behavior and he didn't um he didn't eschew his previous behavior or distance himself from it. Thank you. Thank you your honors.